UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY A. LITTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:14-CV-34 NAB |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Attorney Fees Under the Social Security Act. [Doc. 41.] Defendant has no objection to the request for an award of attorney's fees under 42 U.S.C. § 406(b). [Doc. 43.] Based on the following, the Court will grant Plaintiff's motion.

**I.     Factual and Procedural Background**

Plaintiff Kimberly Little filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act. [Doc. 1.] On March 9, 2015, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). [Docs. 35, 36.] Plaintiff filed an Application for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act (EAJA) on June 2, 2015. [Doc. 37.]

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of Social Security. Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Nancy A. Berryhill for Carolyn W. Colvin in this matter.

The Court granted Plaintiff attorney's fees under the EAJA in the amount of $5,439.68 on June 22, 2015. [Doc. 40.] After remand, the Social Security Administration awarded Plaintiff past due benefits in the amount of $78,028.00 on November 19, 2016. The Social Security Administration withheld $19,507.00 from the past due benefits for attorney's fees and has already distributed $10,055.00 of that amount to Plaintiff's counsel. On August 25, 2017, Plaintiff filed a motion for an award of fees under 42 U.S.C. § 406(b) for the remaining $9,452.00. [Doc. 42.] Defendant filed a response on September 8, 2017. [Doc. 43.]

## II. Discussion

Under § 406(b) of the Social Security Act,

> Whenever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent fee agreements, as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Fees awarded pursuant to § 406(b) are paid out of, and not in addition to, the claimant's past due benefits. *Id.* at 795. "Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on the claimant's continuing entitlement to benefits." *Id.* "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. Courts must first examine the contingency fee agreement, next test the agreement for

2

reasonableness, and then appropriately reduce it, if necessary, based on the character of the representation and the results achieved. *Id.* at 808. Reductions are required if the attorney was responsible for delay or the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Plaintiff has requested fees in the amount of $9,452.00 under § 406(b). In support of her motion, Plaintiff submitted the Notice of Award letter from the Social Security Administration, the contingency fee agreement, and orders from the Court. Plaintiff did not attach the time expenditures, but the Court will refer to the previous time records submitted with her motion for attorney's fees under the EAJA. [Doc. 38-1.] The Defendant does not object to the amount requested and acknowledges that the amount is reasonable and no more than 25% of Plaintiff's past due benefits. The Court has independently reviewed the record in this case and finds that the § 406(b) request is reasonable, and given the unique facts of this case, no reduction in this amount is warranted. Therefore, the Court will award Plaintiff's counsel attorney's fees under § 406(b) in the amount of $9,452.00.

**0III.   Awards under EAJA and § 406(b)**

Fee awards may be made under both the EAJA and § 406(b), but the Plaintiff's attorney must refund to her the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. "Thus an EAJA award offsets an award under § 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past due benefits." *Id.*

Plaintiff's counsel has already received a fee award under the EAJA in the amount of $5,439.68. [Doc. 40.] The SSA has already awarded Plaintiff's counsel $10,055.00 in attorney's fees. [Doc. 42.] In this order the Court has granted Plaintiff an additional $9,452.00 in

attorney's fees under § 406(b).  Therefore, under the EAJA, Plaintiff's counsel is obligated to reimburse Plaintiff the fees she was previously awarded under the EAJA.

Defense counsel requests that the Court order Plaintiff's attorney to refund the lesser amount of fees under the EAJA, in the amount of $5,439.68.  This Court has previously held that although, Plaintiff's counsel is obligated to refund the lesser amount of fees, there is no obligation for the Court to take any action with respect to the refund.  *See Green v. Berryhill*, No. 4:14-CV-918 RLW, 2017 WL 2167435 at *2 (E.D. Mo. May 16, 2017); *Ciecalone v. Colvin*, No. 4:13-CV-28 NAB, 2014 WL 1375557 at *4 (E.D. Mo. Apr. 8, 2014) (Court is not obligated to order Plaintiff's attorney to refund fee, because EAJA places obligation on attorney to refund lesser amount of fees), *Barton v. Astrue*, No. 4:07-CV-67 FRB, 2010 WL 2346353 at *4 (E.D. Mo. June 9, 2010) (obligation to refund smaller fee is attorney's obligation and EAJA provision does not indicate that court should take action with respect to a refund) (citing *Jackson v. Commissioner of Social Sec*urity, 601 F.3d 1268, 1272 (11th Cir. 2010)).  Plaintiff's counsel is aware that the lesser of this award, the fees awarded under the EAJA, are to be refunded to Plaintiff according to EAJA.  28 U.S.C. § 2412 note (If the claimant's attorney receives awards for the same work under both 42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d), the claimant's attorney refunds to the claimant the amount of the smaller fee).  The Court fully expects counsel to comply with this obligation.

**IV.  Conclusion**

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $9,452.00.

Accordingly,

4

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Approve Attorney's Fees pursuant to 42 U.S.C. § 406(b) is **GRANTED**. [Doc. 41.]

**IT IS FURTHER ORDERED** that the Defendant Commissioner of Social Security shall remit to Plaintiff's attorney Karen Kraus Bill $9,452.00.

**IT FURTHER ORDERED** that the Clerk of Court shall substitute Defendant Carolyn Colvin with Nancy A. Berryhill.

Dated this 16th day of October, 2017.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE